UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT W. JOHNSON,

                Plaintiff,

             -against-

BUFFALO POLICE DEPARTMENT;
OFFICER POBLACKI, BADGE NO.
172575; STATE OF NEW YORK,

                Defendants.

19-CV-2982 (CM)

TRANSFER ORDER

---

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, acting *pro se*, brings this complaint alleging that Defendants violated his rights in connection with a car accident on January 28, 2017, in Buffalo, New York. Plaintiff names as Defendants the Buffalo Police Department and one of its officers, and the State of New York. For the following reasons, this action is transferred to the United States District Court for the Western District of New York.

## DISCUSSION

      Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

      Plaintiff filed this complaint alleging that on January 28, 2017, in Buffalo, New York, an unlicensed driver hit the car in which he was riding. Plaintiff contends that the Buffalo Police Department caused the accident by having failed to arrest the unlicensed driver and that Buffalo

Police Officer Poblacki failed to respond properly to the incident.[1] Plaintiff lists addresses for Defendants in Buffalo, New York. Because Plaintiff alleges that all of the Defendants reside outside this District and that all of the events or omissions underlying his claim arose outside this District, venue does not appear to be proper in this District under § 1391(b)(1) or (2).

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative

---

[1] Plaintiff has also filed two additional suits against insurance companies, which appear to arise from the same January 28, 2017 car accident. Those complaints were opened as *Johnson v. Progressive Corporation Ins. Co.*, No. 19-CV-2902 (CM) (S.D.N.Y.); *Johnson v. Victoria Fire and Casualty Co.*, No. 19-CV-2782 (UA) (S.D.N.Y.).

facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under § 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Buffalo, New York, which is also where Defendants Buffalo Police Department and Officer Poblacki are located. Buffalo is in Erie County, which falls within the Western District of New York. See 28 U.S.C. § 112(d). Venue therefore is proper in the Western District of New York. *See* 28 U.S.C. § 1391(b)(1)-(2). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Western District of New York. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of New York. The Clerk of Court is further directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[2] A summons shall not issue from this Court. This order closes this case.

---

[2] Plaintiff has not submitted a request to proceed *in forma pauperis*.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 5, 2019
        New York, New York

                                         COLLEEN McMAHON
                                  Chief United States District Judge